NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0277n.06
Filed: April 13, 2005

No. 03-5935

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee,* | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Eastern |
| THOMAS LEO PORTER, | ) | District of Kentucky |
| | ) | |
| *Defendant-Appellant.* | ) | |

**Before:**      **BOGGS, Chief Judge; and MARTIN and COOK, Circuit Judges.**

**PER CURIAM.**  Defendant Thomas Leo Porter appeals from the district court's resentencing following his successful appeal from his initial sentence for conspiracy to possess with intent to distribute cocaine and aiding and abetting another in the possession with intent to distribute cocaine.  In light of recent decisions by this court, we vacate the sentence of the district court and remand for resentencing consistent with the Supreme Court's decision in *United States v. Booker*, __ U.S. __, 125 S. Ct. 738 (2005).

## I

Porter has already once successfully appealed to this court following his conviction on counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§841(a)(1) and 846, and aiding and abetting another in the possession with intent to distribute cocaine, in violation of

No. 03-5935
United States v. Porter

21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  The facts underlying defendant's conviction have already been ably described by this court.  *See United States v. Porter*, No. 98-5846, 29 Fed. Appx. 232, 234-35 (6th Cir. Jan. 28, 2002) ("*Porter I*").  As they are largely irrelevant to our resolution of his appeal, we describe only the procedural history related to defendant's current challenge of his sentence.  During sentencing, the district court, independent of the jury, found that Porter possessed more than five kilograms of cocaine, had been an organizer or leader of a criminal activity involving five or more people, and had obstructed justice in trying to convince another witness to change her testimony.  Under the Guidelines, which were mandatory when Porter was sentenced, these findings required the district court to sentence Porter within a range of 235 months to 293 months.  The district court sentenced Porter to the minimum sentence possible at the time, 235 months, and also ordered five years of supervised release.

Porter appealed to this court, asserting a variety of sentencing and evidentiary errors. *See id.* at 235-38.  This court for the most part affirmed his sentence, but remanded to the district court so that it could reconsider its ordered term of supervised release based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  *See id.* at 235-36.  The district court had violated *Apprendi* by basing the duration of Porter's period of supervised release on a quantity of cocaine not determined by a jury.  *See id.* at 235.  Because that amount was not determined by a jury, Porter could only be sentenced under § 841(b)(1)(C), which provides for a minimum of three years of supervised release.[1]  The district court had erroneously sentenced Porter to the minimum period of supervised release required under

_____

[1]This court noted in *Porter I* that the district court's original imposition of five years of supervised release was permissible under § 841(b)(1)(C).  *Id.* at 235 n.1.

- 2 -

§ 841(b)(1)(A), which provides for a minimum of five years of supervised release. Though we remanded on that issue, this court also upheld the district court's sentencing enhancements as not clearly erroneous. *Id.* at 235-36. After a hearing, the district court resentenced Porter according to § 841(b)(1)(C), as this court had ordered in *Porter I*. *See id.* at 235. It reduced his sentence to only three years of supervised release, the minimum required by § 841(b)(1)(C). The district court concluded that its mandate under the panel's opinion was limited to addressing only the *Apprendi* issue. Defendant has timely appealed.

## II

Porter argues that the district court erred in failing to reconsider his sentencing enhancement for his role as an organizer or leader of a criminal activity. *See* U.S. Sentencing Guidelines Manual § 3B1.1(a) (1997). Porter's challenge implicates the mandate rule, under which "a district court is bound to the scope of the remand issued by the court of appeals." *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999). Porter's sentencing enhancements, including his enhancement as an organizer or leader, were affirmed by this court in *Porter I*. As we have noted previously, however, the mandate rule is not without exceptions. *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). A district court possesses discretion to reconsider issues already decided in limited circumstances, such as when "there is 'substantially different evidence raised on subsequent trial; a subsequent contrary view of the law by the controlling authority; or a clearly erroneous decision which would work a manifest injustice.'" *Id.* at 1421 (quoting *Petition of United States Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973)). Porter claims to fall into the exception, recognized in *Moored*,

of a "subsequent contrary view of the law by the controlling authority." *Ibid.* Specifically, he maintains that our decision in *United States v. Anthony*, 280 F.3d 694 (6th Cir. 2002), altered the law for organizer or leader sentencing enhancements under § 3B1.1(a). As such, he maintains, the district court was free to reconsider its organizer or leader sentencing enhancement.

We do not believe that *Anthony* altered the law of § 3B1.1(a), at least as it was applied to Porter. Sub-section 3B1.1(a) increases a defendant's sentence "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants *or* was otherwise extensive." *Ibid.* (emphasis added). It therefore clearly contemplates that the guideline applies in two situations: (1) when the defendant is the organizer or leader of a criminal activity involving five or more participants, or (2) when the defendant is the organizer or leader of a criminal activity that was "otherwise extensive." *Ibid.*

*Anthony* only articulated the legal standard for the second, "otherwise extensive" half of § 3B1.1(a). *See* 280 F.3d at 699-701 (analyzing the issue according to whether the combined effort of the participants equals that of five criminally responsible participants). Our decision in *Anthony* did not in any way alter the legal standard for the first set of situations, where the criminal activity involved five or more participants. It is this circumstance, however, that served as the sole basis for Porter's sentencing enhancement. The district court exclusively considered whether there had been five or more individuals involved with Porter's drug distribution. When this court reviewed Porter's sentence, we also limited our inquiry to the question of whether there had been five or more participants. We affirmed the district court's conclusion that "the defendant played a leadership role

in the charged criminal activity, and that *the activity involved five or more participants*." *Porter I*, 29 Fed. Appx. at 236 (emphasis added).

On appeal, defendant emphasizes the standard offered in *Anthony* for determining who counts as a participant in the criminal activity. *See Anthony*, 280 F.3d at 698 ("participants [are] persons who were (i) aware of the criminal objective, and (ii) knowingly offered their assistance."). But this court in *Anthony* evinced no desire to alter the standard for who was a participant. *See ibid.* In fact, we made clear that this standard was a straightforward application of prior case law. *See ibid.* (noting that though the Guidelines offer no definition of who is a participant, courts have "uniformly" treated the issue the same way). We therefore conclude that there has been no "subsequent contrary view of the law" upon which the district court enhanced Porter's sentence. *Moored*, 38 F.3d at 1421. As such, we have no opportunity to question whether the district court ought to have reconsidered his sentence on that basis.

## III

Nevertheless, given the Supreme Court's recent decision in *United States v. Booker*, __ U.S. __, 125 S. Ct. 738 (2005), as applied by this court in *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005), we must vacate Porter's sentence and remand the case to the district court for resentencing. Because Porter did not raise any Sixth Amendment challenge to his sentence before the district court, we only review his sentence for plain error. *See United States v. Oliver*, 397 F.3d 369, 377 (6th Cir. 2005). Under plain-error review, we follow the test articulated by the Supreme Court. *See, e.g.*, *id.* at 378. For us to vacate Porter's sentence, "there must be (1) error, (2) that is plain, and (3)

that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Ibid.* (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)) (quotations and citations omitted).

In *Barnett*, this court engaged in a thorough analysis of whether a defendant's sentence must be remanded because of plain error. *See* 398 F.3d at 525-30. Applying *Barnett*'s reasoning, we conclude that we must vacate Porter's sentence and remand to the district court for resentencing in light of *Booker*. The district court, though acting correctly at the time, erred by treating the Sentencing Guidelines as mandatory. *Id.* at 525. *Booker* "effectuated a 'clear' and 'obvious' change in law by making the Sentencing Guidelines advisory." *Id.* at 526 (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). The error of treating the Guidelines as mandatory is therefore plain, regardless of whether the law indicated as much at the time. *Ibid.* (quoting *Johnson*, 520 U.S. at 468).

*Barnett* further instructs us to presume prejudice in this case. In that case, this court emphasized that "the most prudent course . . . is to presume prejudice given the distinct possibility that the district court would have imposed a lower sentence under the new post-*Booker* framework and the onerous burden he would face in attempting to establish that the sentencing court would have imposed such a sentence." *Id.* at 529. During sentencing, the district court cast some doubt on whether it would have imposed a lower sentence when it stated that "this sentence is well deserved because this man is a career drug dealer and he's ruined countless lives, directly or indirectly, . . . and I think he deserves every month he's going to serve." However, when reviewed

in light of the district court's sentence at the bottom of the applicable guideline range, we believe that discussion falls short of *Barnett*'s demand that "the trial record contains *clear and specific evidence* that the district court would not have, in any event, sentenced the defendant to a lower sentence under an advisory Guidelines regime." *Ibid.* (emphasis added) (citing *United States v. Crosby*, 397 F.3d 103, 117 (2d Cir. 2005)).

As to the fourth step, whether the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings," *Johnson*, 520 U.S. at 467 (internal quotations and citations omitted), our recent ruling in *Barnett* made clear that we will exercise our discretion to vacate sentences premised on the mandatory Guidelines regime. *See Barnett*, 398 F.3d at 529-30 (stating it is fundamentally unfair to apply a sentence determined under the previous system). We therefore conclude that though the legal doctrine for determining whether Porter's criminal activity merited application of § 3B1.1(a) has not changed, *Booker* drastically changed the law under which Porter was sentenced by rendering § 3B1.1(a)'s sentence enhancement only advisory on the district court. Under our recent precedent in *Barnett*, the district court's original sentence, which treated the Sentencing Guidelines as mandatory, was plain error. We therefore VACATE Porter's sentence and REMAND for resentencing consistent with this opinion and the Supreme Court's decision in *Booker*.