**NOT RECOMMENDED FOR PUBLICATION**
File Name: 06a0371n.06
Filed: May 25, 2006

**No. 05-6121**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| THOMAS LEO PORTER, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

---

Before: SILER and ROGERS, Circuit Judges; JORDAN, District Judge.[*]

**SILER**, Circuit Judge. Thomas Leo Porter appeals his sentence, contending that it was unreasonable. For the following reasons, we **AFFIRM**.

### I. Background

Porter initially was convicted on counts of possession with intent to distribute cocaine and conspiracy, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and aiding and abetting another in the possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. *See United States v. Porter*, 29 F. App'x 232, 234-35 (6th Cir. 2002) ("*Porter I*"). During sentencing, the district court, independent of the jury, found that he possessed more than five kilograms of cocaine, had been an organizer or leader of a criminal activity involving five or more

---

[*]The Honorable R. Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

people, and had obstructed justice in trying to convince another witness to change her testimony. *United States v. Porter*, 127 Fed. App'x 825, 826 (6th Cir. 2005) ("*Porter II*"). The district court sentenced Porter to the minimum sentence possible at the time, 235 months, and also ordered five years of supervised release.

In Porter's first appeal to this court, we remanded to the district court for reconsideration of the supervised release term of his sentence under *Apprendi v. New Jersey*, 520 U.S. 466 (2000). We concluded that the district court had violated *Apprendi* by basing the duration of Porter's period of supervised release on a quantity of cocaine not determined by the jury. We upheld, however, the district court's sentencing enhancements as not clearly erroneous. Upon the first remand, the district court reduced Porter's term of supervised release to three years, the minimum required by the relevant statute, 21 U.S.C. § 841(b)(1)(C).

On his second appeal (*Porter II*), we vacated Porter's sentence pursuant to *United States v. Booker*, 543 U.S. 220 (2005), which rendered the Sentencing Guidelines advisory, and remanded to the district court for resentencing. *See United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005).

At his second resentencing hearing, Porter urged the district court to sentence him in a guideline range consistent with the jury's verdict, which would have produced a sentence between 63 to 78 months. The district court, relying on evidence presented at the original sentencing hearing, imposed the same sentence of 235 months with three years of supervised release.

## II. Discussion

Porter's sentence must be affirmed if it is "reasonable." *United States v. Christopher*, 415 F.3d 590, 594 (6th Cir. 2005). He argues that his sentence is unreasonable because the district court

in resentencing him presumed the reasonableness of the Guidelines sentence and deprived him of proper consideration of the statutory factors listed in 18 U.S.C. § 3553(a).

In determining the sentence to be imposed, the district court must consider the advisory Guidelines range and all relevant factors identified in 18 U.S.C. § 3553(a). *United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005). Sentences properly calculated under the advisory Guidelines are presumed reasonable. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). Here, the district court properly calculated the Guidelines range and sentenced Porter within that range. Porter argues that we should not accord this properly calculated sentence a presumption of reasonableness (a claim separate from his claim that the district court did not fully consider the Section 3553(a) factors) because according his sentence such a presumption would "run afoul" of *Booker*. This argument must fail in light of our precedent in *Williams*.

Porter's second claim relates to the district court's consideration of Section 3553(a) factors in fashioning his sentence. Porter contends that the district court addressed these factors only cursorily.

The transcript of the sentencing hearing reveals a few of the district court's considerations:

- [T]his gentleman . . . was buying several kilos [of cocaine] a week and reselling them to dealers, . . . . He was a wholesaler.

- [H]e tried to support a [sic] perjury of a witness.

- Drugs are the scourge of this community, particularly the African-American community.

- And as I say, he's not just some courier, . . . . He had an ongoing, highly organized business, selling drugs.

- • The guidelines are appropriate to the conduct that was before the Court at [the time of original sentencing] and still appears to be the conduct that occurred.

Throughout the sentencing hearing, the district court emphasized its concern with Porter's status as a drug dealer and wholesaler, and with the aggregate effect of drugs on local communities. Without expressly reciting the Section 3553(a) factors, the district court gave consideration - at a minimum - to "the nature and circumstances of the offense" and "the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A); and "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B).

We have not yet required district courts to list seriatim and verbatim the Section 3553(a) factors in sentencing criminal defendants. It is sufficient evidence of reasonableness that a district court's thought process and analysis in sentencing, as reflected by the record, demonstrate consideration of "all of the relevant Section 3553(a) factors." *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006). The district court's analysis in the instant case satisfies this standard.

Furthermore, the advisory Guidelines regime vests district courts with the discretion to account at sentencing for facts neither submitted to the jury and proven beyond a reasonable doubt nor admitted to by the defendant. *See Booker*, 543 U.S. at 233 ("[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant."). Thus, Porter's final claims of error - that

the district court relied on a "drug quantity greater than the evidence submitted to the jury" and that

"no proof was submitted to the jury . . . that the crime involved five or more participants" - are

meritless and must fail.

**AFFIRMED**.