NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0656n.06
Filed: August 29, 2006

No. 05-3628

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA, )
)
    Plaintiff/Appellee, )
) ON APPEAL FROM THE UNITED
v. ) STATES DISTRICT COURT FOR THE
) NORTHERN DISTRICT OF OHIO
PAUL VILLA-GOMEZ, )
)
    Defendant/Appellant. )

Before:     MARTIN and SUTTON, Circuit Judges; JORDAN, District Judge.[*]

    LEON JORDAN, District Judge. This appeal arises from the sentencing of Paul Villa-Gomez as a career offender for the offense of unarmed bank robbery, 18 U.S.C. § 2113(a). For the reasons that follow, we **AFFIRM** the district court.

I.

    On May 6, 2004, Villa-Gomez entered the Key Bank in Toledo, Ohio, and after approaching one of the tellers, he handed her a bag and said, "fill it; no packages." The teller complied by placing money but no dye pack in the bag. Villa-Gomez fled on foot but was

---

[*] The Honorable R. Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

shortly thereafter observed by a police officer who had heard his description. Villa-Gomez attempted to flee, but after a foot chase, he was apprehended and taken to the bank where he was identified by two tellers as the robber. Authorities recovered $717.00 in U.S. currency from Villa-Gomez who was found to be unarmed.

On June 2, 2004, Villa-Gomez was indicted on charges of unarmed bank robbery in violation of 18 U.S.C. § 2113(a). After his arrest, Villa-Gomez underwent a psychiatric evaluation by the Court Diagnostic and Treatment Center to determine his competency to stand trial. He was diagnosed with a severe personality disorder but was determined to be competent to stand trial. In 1992, Villa-Gomez had been diagnosed with "Severe Personality Disorder Marked by Anti-Social, Paranoid, Schizoid, and Schizotypal Features." At that time, he was not placed on medication, but it was thought psychotherapy might be helpful.

After Villa-Gomez filed a notice of intent to assert a defense of insanity, the government moved for a psychiatric exam. The motion was granted, and Villa-Gomez underwent a psychiatric examination by the Bureau of Prisons. He was again diagnosed with Schizotypal Personality Disorder but was found competent to stand trial. Villa-Gomez did not present significant mental illness that required intervention, and he was not placed on medication.

The presentence report gave Villa-Gomez a base offense level of 20 with a 2-

level upward adjustment because he took money from a financial institution. U.S.S.G. §2B3.1(b)(1). Villa-Gomez was given a 3-level downward adjustment for acceptance of responsibility. U.S.S.G. § 3E1.1(a), (b). That adjustment would have put his offense level at 19. However, Villa-Gomez was determined to be a "career offender" within the meaning of § 4B1.1 of the Sentencing Guidelines because he had three separate, prior burglary convictions, his current offense was for bank robbery and he was at least 18 years of age at the time of that offense. That determination increased his offense level to 32, and with a 3-level adjustment for acceptance of responsibility, his total offense level was 29. Because Villa-Gomez was classified as a "career offender," his Criminal History Category was VI. U.S.S.G. § 4B1.1.

Villa-Gomez pled guilty to unarmed bank robbery without a plea agreement. Prior to sentencing, his trial counsel submitted a letter to the court, the substance of which was articulated at the sentencing hearing, requesting the court to consider a downward departure under U.S.S.G. § 5K2.13 based on Villa-Gomez's history of untreated mental illness. His counsel asked the court to take into account that no weapon was involved in the bank robbery and there was no violence or the threat of violence during commission of the crime. Trial counsel also asked the court to sentence Villa-Gomez just for the crime he committed, not as a career offender, which would have meant a guideline range of 63 to 78 months rather than 151 to 188 months as a career offender. The district court did not grant defense counsel's request and stated:

>       With respect to the guidelines in this instance, I come down exactly the opposite from you. It is clear in this case, treating it as an individual case and not as one of many in determining a guideline range, that this defendant needs greater, not lesser incarceration because of that which his examination, psychiatric and psychological examinations, have indicated. He has something for which there is no pill. And incarceration will prevent him from future crimes; that will protect society and it will protect him from harm to himself.
>       I believe that the career offender is a break for him. The Government could have charged in the indictment in a way which would have required the Court to impose a life sentence. They did not.
>       My sense in this case is that the enhancement from 19 – from 22 to 32 is correct. I will sentence him as a 32 under the guidelines. I will grant him three levels for acceptance of responsibility, which is not opposed by the Government, as I understand it.

The district court also commented on unarmed bank robbery by stating:

>       But the reason I have been unsympathetic to unarmed robbery of a bank or other financial institution is because that very act has the propensity to lead to violence. And by that I mean a guard, in flight, et cetera. There – there is the propensity for violence in the pursuit of the criminal. Ofttimes that leads to innocent bystanders being placed at risk.
>       I have felt over the years that such offenses bear close to the same responsibility as if one walks into a financial institution with a gun in the pocket, flashes the gun, – and then commits the offense. It's that propensity for violence that I think is important to understand.

The district court sentenced Villa-Gomez at the lower end of the Guidelines to 152 months imprisonment and three years of supervised release. This timely appeal followed.

II.

Villa-Gomez claims that certain aspects of his sentence were contrary to *United States v. Booker*, 543 U.S. 220 (2005) and in violation of the Sixth Amendment. Because Villa-Gomez did not raise this challenge in the district court, the review of these issues is for plain error. *United States v. Oliver*, 397 F.3d 369 (6th Cir. 2005).

> Plain error is defined as an egregious error, one that directly leads to a miscarriage of justice. The "plain error" doctrine is to be used sparingly, only in exceptional circumstances and solely to avoid a miscarriage of justice. A reviewing court should apply the "plain error" doctrine to reverse only if errors were so rank that they should have been apparent to the trial judge without objection, or that strike at fundamental fairness, honesty, or public reputation of the trial.

*United States v. Carney*, 387 F.3d 436, 453 (6th Cir. 2004) (internal quotation marks and citations omitted).

In addition, this court reviews Villa-Gomez's sentence for reasonableness. *United States v. Christopher*, 415 F.3d 590, 594 (6th Cir. 2005). In *United States v. Williams*, 436 F.3d 706 (6th Cir. 2006), this court joined "several sister circuits in crediting sentences properly calculated under the Guidelines with a rebuttable presumption of reasonableness. Such a presumption comports with the Supreme Court's remedial decision in *Booker*." *Id*. at 708. After *Booker*, a district court has the discretion to give a sentence that varies from the Guidelines.

III.

Villa-Gomez makes several arguments claiming that the district court engaged in judicial fact-finding in violation of the principles set forth in *Booker*. However, these arguments appear to be based

> upon the legal misconception that *Booker* held that judge-found fact can never be employed during the sentencing process. Such a reading of *Booker* is erroneous. Instead, *Booker* held that facts not admitted by the defendant or proven to a jury beyond a reasonable doubt may not be used only where such a fact is employed to raise a defendant's sentence above the maximum sentence prescribed by the applicable statutory provision. Nonetheless, judge-found fact may be employed to raise or lower a sentence provided that sentence remains within the range prescribed by the relevant statute. Under *Booker*, such a use of judge-found fact does not violate the Sixth Amendment.

*United States v. Vonner*, 452 F.3d 560, 564 (6th Cir. 2006). "[T]he advisory Guidelines regime vests district courts with the discretion to account at sentencing for facts neither submitted to the jury and proven beyond a reasonable doubt nor admitted to by the defendant." *United States v. Porter*, No. 05-6121, 2006 WL 1478048, at *2 (6th Cir. May 25, 2006) (citing *Booke*r, 543 U.S. at 233 ("[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.")). The district court's application of judge-found fact in this case is consistent with *Booker* and the Sixth Amendment, and there was no error by the district court.

*Career Offender*

The district court gave Villa-Gomez an enhancement for being a "career offender" under U.S.S.G. § 4B1.1(a): he had three prior burglary convictions, the current offense of unarmed bank robbery is a crime of violence, and he was at least 18 years old at the time of the current offense. Villa-Gomez argues that the district court determined that he committed a crime with "a propensity to violence" and therefore attributed to him the same responsibility as someone who uses a gun during a bank robbery. He concludes that the district court engaged in fact finding contrary to the tenets of *Booker* which resulted in the court sentencing him as if he had committed the robbery with a gun. Therefore, Villa-Gomez contends that "[the district court] punish[ed] him for violence that never occurred."

Villa-Gomez seizes on the district court's comments concerning the "propensity for violence" that is present even with unarmed bank robbery. The government argues that the term "crime of violence" is defined in the Sentencing Guidelines and includes robbery, U.S.S.G. § 4B1.1 and Application Note 1 to that section, and this court has found unarmed robbery to be a "crime of violence," citing *United States v. Maddalena*, 893 F.2d 815 (6th Cir. 1989).

The district court did not sentence Villa-Gomez as an armed bank robber, and did not give him an enhancement for the use of a firearm. The court's comments concerning the propensity for violence in unarmed bank robbery explain why Villa-Gomez was not entitled to a lower sentence, even though he did not use a gun in the commission of the

crime. The district court did not err in determining that unarmed bank robbery is a crime of violence sufficient to qualify Villa-Gomez as a career offender and in giving him a sentence enhancement for that classification.

*Denial of Downward Departure*
*Based on Diminished Capacity*

Villa-Gomez argues that the district court erred in not giving him a downward departure under Chapter 5 of the Sentencing Guidelines for diminished capacity. He also contends that the district court enhanced his sentence because of his mental condition.[1]

Prior to *Booker*, "it was well-established in this Circuit that a district court's decision to deny a request for a downward departure was not reviewable unless the district court judge 'incorrectly believed that [he] lacked any authority to consider defendant's mitigating circumstances as well as the discretion to deviate from the guidelines.'" *United States v. Jones*, 445 F.3d 865, 868 (6th Cir. 2006) (citing *United States v. Clark*, 385 F.3d

---

[1] Villa-Gomez also argues that he was incorrectly charged with bank robbery under 18 U.S.C. § 2113(a); he contends the lesser charge under 18 U.S.C. § 2113(b) was proper. However, Villa-Gomez has waived that objection by not raising it at the trial level. Fed. R. Crim. P. 12(b)(3); *United States v. Henderson*, No. 05-1546, 2006 WL 890688 (6th Cir. Mar. 30, 2006) (citing *United States v. Hayes*, 218 F.3d 615, 620 (6th Cir. 2000) ("Rule 12 requires certain claims and defenses . . . to be raised before trial, and provides that those claims and defenses are forfeited if they are not timely asserted.")). More importantly, Villa-Gomez pled guilty to 18 U.S.C. § 2113(a) and admitted under oath that he committed the acts that constituted unarmed bank robbery.

609, 623 (6ᵗʰ Cir. 2004)). After *Booker*, "this Court held that the pre-*Booker* standard foreclosing review of a district court's decision not to depart downward 'unless the record reflects that the district court was not aware of or did not understand its discretion to make such a departure' survived *Booker*." *Jones*, 445 F.3d at 868 (citing *United States v. Puckett*, 422 F.3d 340, 344-45 (6ᵗʰ Cir. 2005)). However, "*Puckett* simply precludes our review of that narrow determination of a denial of a Chapter 5 Guideline departure within the context of the Guideline calculation. It does not prevent our review of a defendant's claim that his sentence is excessive based on the district court's unreasonable analysis of the section 3553(a) factors in their totality." *United States v. McBride*, 434 F.3d 470, 476-77 (6ᵗʰ Cir. 2006).

There is no indication that the district court was not aware of or did not understand its discretion to make a downward departure, and there is no basis for this court to review the district court's denial of a downward departure in the context of its Guideline calculation. The record does reflect that the district court reasonably considered Villa-Gomez's mental condition in its analysis of the 3553(a) factors and found that a lesser sentence was not appropriate based on that mental condition. In its sentencing decision, the district court noted that greater incarceration was needed because Villa-Gomez's mental health problems presented the possibility of recidivism. A longer period of incarceration would protect both him and society. The district court acted reasonably and within its discretion in its consideration of Villa-Gomez's mental condition and in its denial of a

downward departure based on that mental condition.

*District Court's Treatment of
the Sentencing Guidelines*

Villa-Gomez also contends that the district court placed too much weight on the Guidelines and failed to consider them as advisory. The record does not support this contention. The district court stated:

> I have considered the guidelines, which are nonbinding on the court, and the nature and circumstance, as I said earlier, of the offense for which Mr. Villa-Gomez has been charged and his criminal history.
> It is my belief that the sentence imposed, as I just articulated it, appropriately reflects the seriousness of the crime. It is just punishment. It will protect the public and deter this defendant from further criminal conduct, and will, hopefully, provide enough time in prison for some rehabilitation and hopefully address his personality disorder.

Although "the district court must articulate the reasons for the particular sentence imposed," *Jones*, 445 F.3d at 869, the court does not have to "explicitly reference each of the § 3553(a) factors in its sentencing determination. However, there must be sufficient evidence in the record to affirmatively demonstrate the court's consideration of [these factors]." *Id.* (internal quotation marks and citations omitted). In this case, there is no showing that the district court considered the Guidelines as mandatory or that it impermissibly relied on the Guidelines.

The record reflects that the sentence was properly calculated under the Guidelines and that the district court appropriately considered the § 3553(a) factors along with the Guidelines range for a career offender.  The district court also recognized and considered the Guidelines as advisory rather than mandatory.  The district court's sentence was presumptively reasonable, and Villa-Gomez has not rebutted that presumption of reasonableness. *Williams*, 436 F.3d at 708.

IV.

Villa-Gomez also raises a claim for ineffective assistance of counsel.  This court customarily declines to entertain ineffective assistance of counsel claims on direct appeal.  *See, e.g., United States v. Bradley*, 400 F.3d 459, 462 (6th Cir. 2005).  "The customary procedure directs the defendant to address charges of ineffective assistance of counsel in a post-conviction proceeding under 28 U.S.C. § 2255." *United States v. Hill*, 30 F.3d 48, 51 (6th Cir. 1994); *see also Massaro v. United States*, 538 U.S. 500, 504 (2003) ("The better-reasoned approach is to permit ineffective-assistance claims to be brought in the first instance in a timely motion in the district court under § 2255.").  The rare exception is where "the record is adequate to assess the merits of defendant's allegations." *Bradley*, 400 F.3d at 462.

This case does not present the rare circumstance when this court would consider such a claim on direct appeal.  The record does not contain evidence pertaining to

the decisions made by Villa-Gomez's trial counsel regarding the issues he raises here on

appeal.  We decline to consider this claim.

Accordingly, we **AFFIRM** the sentence imposed by the district court.