NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0551n.06

No. 15-6401

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Sep 26, 2016 |
| | ) | DEBORAH S. HUNT, Clerk |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| TIMOTHY DEAN MARTIN, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: GILMAN, GIBBONS, and STRANCH, Circuit Judges.

PER CURIAM. Timothy Dean Martin, a federal prisoner, appeals the sentence imposed following his guilty plea to a charge of being a felon in possession of a firearm and ammunition.

Martin's sentencing guidelines range was calculated in his presentence report (PSR) to be 37 to 46 months of imprisonment. At his sentencing hearing, Martin objected that his prior jury-trial conviction for aggravated assault in Tennessee state court should not be considered a crime of violence under USSG § 2K2.1. Excluding that prior convictions would have resulted in a reduced guidelines range of 21 to 27 months of imprisonment. The district court relied on the state-court judgment, which showed that Martin had been convicted of a Class C felony for aggravated assault, and therefore of a crime of violence. Martin, on the other hand, contended that the conviction was for reckless behavior, a Class D felony that would not be considered a

crime of violence. He was sentenced to 37 months of imprisonment, at the bottom of the PSR's guidelines range.

In his brief on appeal, Martin argues that the district court should not have relied on the state-court judgment to determine whether the prior conviction was a crime of violence, citing to *Shepard v. United States*, 544 U.S. 13, 16 (2005). He also argues that we should overrule *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998), which held that indictments need not set forth factors relevant only to sentencing, such as prior convictions.

The parties disagree as to the standard of review we should employ. Martin argues that we review de novo whether a prior conviction is a crime of violence, citing *United States v. Soto-Sanchez*, 623 F.3d 317, 319 (6th Cir. 2010), while the government argues that the district court made a factual finding that Martin was convicted of a Class C aggravated assault, which is reviewed for clear error only, *see United States v. Beasley*, 442 F.3d 386, 394 (6th Cir. 2006). The government's argument is persuasive because Martin has conceded that a Class C aggravated assault in Tennessee is a crime of violence and contests only whether the district court was correct in finding that he had been convicted of that crime. Martin argues that the district court should not have relied on the state-court judgment to make the determination. However, introduction of a judgment is a valid method of proving a prior conviction. *Old Chief v. United States*, 519 U.S. 172, 174 (1997); *United States v. Cooper*, 739 F.3d 873, 881-82 (6th Cir. 2014) (relying on the state-court judgment to conclude that defendant was convicted of a Class C aggravated assault in Tennessee, a crime of violence); *United States v. Moore*, 578 F. App'x 550, 554 (6th Cir. 2014) ("[S]tate-court judgments are valid *Shepard* documents.). Therefore, the district court did not clearly err in finding that Martin had a prior conviction of a crime of violence. We further decline the invitation to overrule *Almendarez-Torres,* a Supreme

Court decision that is still in good standing. *See United States v. Nagy*, 760 F.3d 485, 488 (6th

Cir. 2014).

Accordingly, we **AFFIRM** the sentence imposed by the district court.