NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0401n.06

Case No. 20-6152

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | **FILED**<br>Sep 06, 2023<br>DEBORAH S. HUNT, Clerk |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| DENNIS DEWAYNE PLEMONS, | ) ) | |
| Defendant-Appellant. | ) ) | |
| | ) | OPINION |
| | ) ) | |

Before: SILER, MOORE, and NALBANDIAN, Circuit Judges.

SILER, J., delivered the opinion of the court in which NALBANDIAN, J., joined. MOORE, J. (pp. 6–7), delivered a separate opinion concurring in the judgment only.

SILER, Circuit Judge. In this third appeal, Dennis D. Plemons again asks us to vacate his sentence because the district court erred by applying the Armed Career Criminal Act (ACCA), 18 USC § 924(e)(1). He argues that the predicate felonies could not trigger the ACCA because one of them is not a violent felony and none of them occurred "on occasions different from one another." Because no exception to the mandate rule applies, we affirm.

I

In 2014, Plemons pled guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). When the district court sentenced him, it followed enhanced penalties under the ACCA, which apply when "a person . . . has three previous convictions . . . for a violent felony . . . committed on occasions different from one another." 18 USC § 924(e)(1). It relied on three prior

convictions: 1998 aggravated assault, 2002 aggravated burglary, and 2010 aggravated assault. The ACCA enhancement increased Plemons's statutory penalties from a maximum of ten years to a mandatory minimum of fifteen years. Plemons objected to the district court's application of the ACCA. He argued the 1998 aggravated assault and 2002 aggravated burglary convictions were not violent felonies and that only a jury could determine whether his felonies met the ACCA's requirements. The district court overruled his objections and sentenced him to 188 months of incarceration with five years of supervised release.

Plemons appealed. He argued that the district court erred by counting his 1998 aggravated assault as a violent felony. While this first appeal was pending, we issued our decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc), holding that aggravated burglary in Tennessee did not qualify as a predicate under the ACCA. We thus vacated Plemons's sentence, because one of his predicate offenses was aggravated burglary, and remanded for resentencing. *United States v. Plemons*, 693 F. App'x 435, 435 (6th Cir. 2017). We did not address the 1998 aggravated assault argument. At resentencing, the district court calculated Plemons's guidelines range without the ACCA enhancement and sentenced him to ninety months of incarceration with three years of supervised release.

The government appealed. While the government's appeal was pending, the Supreme Court issued its decision in *United States v. Stitt*, 139 S. Ct. 399, 404 (2018) (*Stitt II*), reversing our earlier opinion. The government argued that under *Stitt II*, we should vacate Plemons's non-ACCA sentence and remand for resentencing a second time. Plemons countered that his prior convictions nonetheless failed to meet the ACCA's "on occasions different from one another" standard. We vacated Plemons's sentence under *Stitt II* and further held that he was not entitled

to relief on the "on occasions different" issue under our precedent. *United States v. Plemons*, 818 F. App'x 407, 411 (6th Cir. 2020) (*Plemons II*).

At resentencing, Plemons again argued that his 1998 aggravated assault conviction was not a violent felony. The district court overruled Plemons's objection. It reasoned that we had issued a limited remand "for resentencing under the ACCA" and any argument that Plemons was not subject to the ACCA was thus outside the scope of the remand order. In the alternative, the district court, relying on its analysis from Plemons's first sentencing hearing in 2014, overruled his objection on the merits. The district court resentenced Plemons under the ACCA to 180 months of incarceration with five years of supervised release.

II

We review de novo a district court's application of the ACCA. *United States v. Stafford*, 721 F.3d 380, 395–96 (6th Cir. 2013). Plemons challenges the district court's findings under the ACCA by reviving two arguments: that his 1998 aggravated assault conviction is not a violent felony under the ACCA, and his convictions do not meet the "on occasions different from one another" standard. Because no exception to the mandate rule applies, we affirm.[1]

Under the mandate rule, when a case is remanded for further proceedings, "the district court is constrained by the scope of the mandate," which we review de novo. *United States v. Haynes*, 468 F.3d 422, 425 (6th Cir. 2006). Our order in *Plemons II* remanded for "resentencing under the ACCA," thus containing an explicit limitation alerting the district court that it should

---

[1] The Government also argues that the law of the case doctrine precludes reconsideration of whether Plemons's 1998 aggravated assault conviction is a violent felony under the ACCA. Although the law of the case doctrine and mandate rule are complementary theories, they are evaluated separately. *See, e.g.*, *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). Because we decide this case under the mandate rule, we need not also determine whether the law of the case doctrine precludes review.

not resentence de novo. *See, e.g.*, *United States v. Stout*, 599 F.3d 549, 556 (6th Cir. 2010). The district court correctly stayed within our limited order and sentenced under the ACCA.

Plemons next urges us, in the alternative, to reach the merits of his aggravated assault argument under an exception to the mandate rule. This extraordinary relief is justified, he argues, because our case law regarding the required mens rea under the ACCA has changed and because the district court clearly erred by applying it. We may recognize discretionary exceptions to the mandate rule in exceptional circumstances, including when one of our earlier rulings is undermined by "a subsequent contrary view of the law by the controlling authority . . . or a clearly erroneous decision which would work a manifest injustice." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). Neither exception applies here.

Plemons points us to *Borden v. United States*, in which the Supreme Court held that reckless aggravated assault under Tenn. Code Ann. § 39-13-102(a)(2) is not a violent felony under the ACCA. 141 S. Ct. 1817, 1822, 1834 (2021). However, the district court found that Plemons committed intentional aggravated assault under Tenn. Code Ann. § 39-13-102(a)(1), which still qualifies as a violent felony under the ACCA after *Borden*. Thus, *Borden* did not alter the ACCA's application to Plemons, and thereby does not constitute "a subsequent contrary view of the law." *Moored*, 38 F.3d at 1421; *see United States v. Porter*, 127 F. App'x 825, 827 (6th Cir. 2005) (holding that a change in the law under the mandate rule must apply to the defendant).

Plemons has also failed to demonstrate clear error that would work manifest injustice. *See TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (holding that for a prior decision to qualify as working manifest injustice, it cannot be "just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish") (citation omitted). Here, the district court considered the parties' conflicting evidence and held "based on the

preponderance of the evidence, that the government in this case has demonstrated" that Plemons was convicted of intentional or knowing assault under Tenn. Code Ann. § 39-13-102(a)(1). When there is sufficient evidence for a reasonable factfinder to find for either side, we cannot say that the district court clearly erred. *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

Plemons also argues that his convictions do not meet the ACCA's "on occasions different from one another" standard because the jury, not the judge, must make this determination. Yet he seeks no relief from us and instead acknowledges that his argument is foreclosed under our precedent. Moreover, we addressed this issue in *Plemons II*, holding that "[b]ased on the facts contained within the *Shepard* documents, Plemons committed his offenses on 'occasions different from one another.'" 818 F. App'x at 411 (citation omitted). Finally, Plemons's argument rests on the supposition that the Supreme Court would address whether the judge or jury must decide whether different convictions occurred "on occasions different from one another" in *Wooden v. United States*, 142 S. Ct. 1063 (2022). In fact, the Court declined to do so, *id.* at 1068 n.3, rendering Plemons's argument baseless.

**AFFIRMED**.

**KAREN NELSON MOORE, Circuit Judge, concurring in the judgment.** Dennis Plemons argues that his aggravated-assault conviction does not qualify as a violent felony under the Armed Career Criminal Act (the ACCA).[1] The district court found that Plemons's claim was barred by the mandate rule and, alternatively, that his claim failed on the merits. Because I would affirm the district court's judgment solely on the merits, I concur in the judgment.

The parties agree that Plemons was convicted under the 1997 version of Tennessee's aggravated-assault statute. *See* Tenn. Code Ann. § 39-13-102 (1997). The dispute is over whether Plemons was convicted under the intentional-or-knowing subsection of that statute, *id.* § 39-13-102(a)(1), or instead the reckless subsection, *id.* § 39-13-102(a)(2).[2] The resolution of that dispute is dispositive of Plemons's challenge to his sentencing under the ACCA, because the intentional-or-knowing subsection of that statute qualifies as a violent felony under the ACCA but the reckless subsection of the statute does not. *See Borden v. United States*, 141 S. Ct. 1817, 1825 (2021); *Braden v. United States*, 817 F.3d 926, 933 (6th Cir. 2016); *United States v. West*, 799 F. App'x 322, 325–28 (6th Cir. 2020). Indeed, Plemons concedes this point. *See* Appellant Br. at 7–8.

---

[1]As the majority explains, Plemons also argued that "his prior convictions do not meet ACCA's 'on occasions different' standard" in the hope that the Supreme Court would issue a favorable ruling in *Wooden v. United States*, 142 S. Ct. 1063 (2022). *See* Appellant Br. at 47. That argument is unavailing for the reasons stated by the majority. *See* Maj. Op. at 5; *see also Wooden*, 142 S. Ct. at 1068 n.3.

[2]The 1997 version of the Tennessee aggravated-assault statute provided:

    (a)  A person commits aggravated assault who:

        (1)  Intentionally or knowingly commits an assault as defined in § 39-13-101 and:

            (A)  Causes serious bodily injury to another; or

            (B)  Uses or displays a deadly weapon; or

        (2)  Recklessly commits an assault as defined in § 39-13-101(a)(1), and:

            (A)  Causes serious bodily injury to another; or

            (B)  Uses or displays a deadly weapon.

Tenn. Code Ann. § 39-13-102 (1997).

Under our precedent, a district court's finding that a defendant was convicted of a particular offense is a factual determination that is "reviewed under a clearly erroneous standard." *United States v. Sanders*, 470 F.3d 616, 618 (6th Cir. 2006); *see also United States v. Beasley*, 442 F.3d 386, 394 (6th Cir. 2006); *United States v. Martin*, 669 F. App'x 295, 295–96 (6th Cir. 2016) (per curiam). Here, the district court considered the parties' conflicting evidence and concluded, "based on the preponderance of the evidence, that the government in this case has demonstrated" that Plemons was convicted of intentional or knowing aggravated assault under § 39-13-102(a)(1). R. 47 (09/22/2015 Sent'g Tr. at 9–10) (Page ID #717–18); *see also* R. 93 (09/17/2020 Sent'g Tr. at 28–29) (Page ID #1803–04). Given that there is evidence that could lead a reasonable factfinder to find for either side, I cannot say under our deferential standard of review that the district court's finding is clearly erroneous. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

For these reasons, I concur in the judgment.