NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0784n.06

No. 09-5207

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

**FILED**
**Dec 22, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| BENJI WAYNE DAVIS, | ) | COURT FOR THE EASTERN |
| Defendant-Appellant. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| | ) | |

**Before:**     **BATCHELDER, Chief Judge;  KEITH and ROGERS, Circuit Judges.**

**PER CURIAM.**  Benji Wayne Davis pled guilty to having been a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  At sentencing, the district court judge found that Davis had three prior qualifying convictions such that the Armed Career Criminal Act's  mandatory minimum term of imprisonment of fifteen years applied.  The district court judge found, over Davis's objection, that his two prior drug offenses committed within one month of each other constituted separate, qualifying convictions pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1).  Davis now timely appeals his sentence, asserting that he was incorrectly classified as an armed career criminal with three prior qualifying convictions instead of two prior qualifying convictions; and, accordingly, that his sentence must be vacated.  For the following reasons, we **AFFIRM** the district court's decision and imposition of sentence.

**I.**

Davis pled guilty, without a plea agreement, to being a felon in possession of a firearm and was sentenced to 180 months. He admitted to prior convictions for aggravated burglary and drug offenses. He was convicted of one aggravated burglary in 1994, for which he received a sentence of imprisonment of three years, and cocaine distribution in 1999. Davis sold 1.7 grams of cocaine on April 21, 1998 and 2 grams of cocaine on May 12, 1998. The two cocaine distribution counts were consolidated in a single plea. Davis was sentenced to concurrent terms of imprisonment of eight years for the two cocaine distribution counts.

At sentencing for the instant felon in possession of a firearm offense, the district court relied upon the Presentence Investigation Report ("PSR") in determining Davis's Guidelines sentencing range. With an initial base offense level of 20 for violation of § 922(g), analysis of criminal history resulted in Davis's accumulation of points for classification as an armed career criminal, with a base offense level of 33 and a criminal history category of VI. Thus, Davis's advisory sentencing guidelines term of imprisonment range was 168 to 210 months. Application of the statutory mandatory minimum, pursuant to the Armed Career Criminal Act ("ACCA"), raised the applicable range from 180 to 210 months' imprisonment.

Davis objected to the PSR's calculations and asserted that since the two cocaine distribution counts were charged in the same indictment and adjudicated in a single plea, the two offenses should have counted as a single, qualifying predicate conviction pursuant to the ACCA. The district court overruled Davis's objection and adopted the applicable Guideline sentencing range pursuant to the PSR's recommendation under the ACCA.

This Court reviews *de novo* legal questions regarding determinations of qualifying Armed Career Criminal Act prior convictions. *United States v. McCauley*, 548 F.3d 440, 447 (6th Cir. 2008). The Armed Career Criminal Act mandates that any person who violates § 922(g) and has three previous convictions which are serious drug offenses, "committed on occasions different from one another," be subjected to a term of imprisonment not less than fifteen years. 18 U.S.C. § 924(e).

Over the span of three weeks, Davis committed two drug offenses. Davis acknowledges the status of the law classifying his prior convictions as separate predicate felonies, but contends that the law should change on appeal, that the ACCA should be interpreted to provide for "related cases" under the federal Sentencing Guidelines such that only true recidivists are severely punished and not drug addicts like Davis who commit relatively minor crimes to fuel their addictions.

It is well settled that offenses committed at separate times are separate offenses. *See, e.g., United States v. Brady*, 988 F.2d 664, 668-69 (6th Cir. 1993) (en banc); *United States v. Roach*, 958 F.2d 679, 684 (6th Cir. 1992) (explaining that "if the predicate offenses occurred on occasions different from one another, Congress intended that they not be regarded as a single criminal episode."). In *Brady*, the appellant committed two armed robberies in less than one hour. 988 F.2d at 668. However, this Court rejected the appellant's argument that the two criminal offenses constituted a single criminal episode. *Id.* at 668-70. In *Roach*, this Court held that the appellant's three drug offenses committed on March 11, March 12, and March 26 "[did] not constitute a single criminal episode, and the district court properly enhanced [his] sentence pursuant to … § 924(e)(1)." 958 F.2d at 684. Further, "[t]he word 'committed' in § 924(e) indicates that the criminal acts must have occurred on separate occasions, not that their resulting convictions must take place on separate

dates." *McCauley*, 548 F.3d at 448. This Court cannot overrule its prior decisions which are controlling authority, unless subsequent en banc decisions overruled the prior panel decisions or the prior decisions were issued in contravention of a Supreme Court decision. *See United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996). Here, *McCauley*, *Brady*, and *Roach* are controlling authority.

In addition to his felony conviction for aggravated burglary, Davis's two drug offenses were each committed "on occasions different from one another" as provided at § 924(e)(1), and plainly warranted Davis's classification as an armed career criminal. Accordingly, the district court's sentence was properly imposed and, notwithstanding Davis's appeal requesting that the law be changed, this Court lacks any basis to afford him relief.

### III.

For the foregoing reasons, the district court did not err in classifying Davis as an armed career criminal subject to a mandatory minimum term of imprisonment of fifteen years. The judgment of the district court is **AFFIRMED**.