**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0103n.06

No. 10-3857

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
**Jan 30, 2012**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| ANTHONY G. FOWLER, II, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: McKEAGUE and WHITE, Circuit Judges; and BARRETT, District Judge.[*]

PER CURIAM. Anthony G. Fowler, II, appeals the district court's sentence. We affirm.

Fowler pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C.
§ 922(g)(1). The district court determined that Fowler was an armed career criminal under U.S.S.G.
§ 4B1.4(a) based on his three previous convictions for either a violent felony or a serious drug
offense. The court sentenced Fowler to 188 months in prison. On appeal, Fowler argues that he
should not have been sentenced as an armed career criminal for two reasons: (1) his prior conviction
for attempted aggravated burglary was void under Ohio law because the trial court failed to properly
impose the statutorily-mandated term of post-release control; and (2) his attempted aggravated
burglary offense did not constitute a violent felony under the Armed Career Criminal Act ("ACCA"),
18 U.S.C. § 924(e)(1). He also argues that the ACCA's residual clause is unconstitutionally vague.

---

[*]The Honorable Michael R. Barrett, United States District Judge for the Southern District of
Ohio, sitting by designation.

"We review *de novo* a district court's determination that a defendant should be sentenced as an armed career criminal." *United States v. Vanhook*, 640 F.3d 706, 709 (6th Cir. 2011). "We review de novo the legal question of whether a criminal statute is unconstitutionally vague." *United States v. Hart*, 635 F.3d 850, 856 (6th Cir. 2011), *petition for cert. filed*, 80 U.S.L.W. 3132 (Aug. 26, 2011). Because Fowler failed to argue in the district court that his attempted aggravated burglary offense did not constitute a violent felony under the ACCA, we review the claim for plain error only. *See United States v. Hall*, 632 F.3d 331, 335 (6th Cir. 2011).

The district court properly relied on Fowler's prior conviction for attempted aggravated burglary because (1) he cannot collaterally attack the conviction in a federal sentencing proceeding and (2) the conviction was not rendered void under Ohio law by the trial court's failure to properly impose the mandatory term of post-release control. *See United States v. Coleman*, 655 F.3d 480, 485 (6th Cir. 2011), *petition for cert. filed* (Nov. 8, 2011) (No. 11-7381); *United States v. Ruvalcaba*, 627 F.3d 218, 222 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 2133 (2011). Moreover, the district court did not plainly err by determining that Fowler's prior conviction for attempted aggravated burglary constituted a violent felony under the ACCA. *See* Ohio Rev. Code § 2911.11(A)(2); *Coleman*, 655 F.3d at 481-84. Finally, the ACCA's residual clause is not unconstitutionally vague. *James v. United States*, 550 U.S. 192, 210 n.6 (2007).

Accordingly, we affirm the district court's judgment.