NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1237n.06

No. 11-4440

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| MARCUS CAMPBELL, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: MARTIN and GRIFFIN, Circuit Judges; BECKWITH, District Judge.[*]

PER CURIAM. Marcus Campbell, who is represented by counsel, appeals a district court judgment sentencing him to 180 months of imprisonment following his guilty plea to possessing a firearm as a felon.

Campbell was sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), to the mandatory minimum sentence. While conceding that precedent is against his arguments, he argues for the purposes of possible further appeal that the residual provision of the ACCA is void for vagueness and that his previous convictions for third-degree burglary and fourth-degree aggravated assault are not violent felonies.

"We review de novo a challenge to the constitutionality of a statute." *United States v. Bowers*, 594 F.3d 522, 527 (6th Cir. 2010). The residual clause of the ACCA, referring to a previous

_____

[*]The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), has been held by the Supreme Court to not be unconstitutionally vague. Rather, the clause provides guidance that allows a person to conform his conduct to the law. *See Sykes v. United States*, 131 S. Ct. 2267, 2277 (2011); *James v. United States*, 550 U.S. 192, 210 n.6 (2007). Campbell hopes that the dissents in those cases will persuade us to find the statute unconstitutionally vague. However, we are bound by the existing precedent to the contrary. Thus, the district court did not err in overruling Campbell's objection to his sentence based on the alleged vagueness of the ACCA.

Campbell also argues that his previous convictions for third-degree burglary and fourth-degree aggravated assault are not violent felonies under the ACCA, in order to preserve these issues for further appeal. However, he concedes that we have held to the contrary. *See United States v. Coleman*, 655 F.3d 480, 482–83 (6th Cir. 2011), *cert. denied,* 132 S. Ct. 1045 (2012) (holding that third-degree burglary is a violent felony); *United States v. Rodriguez*, 664 F.3d 1032, 1037–39 & n.2 (6th Cir. 2011) (holding that fourth-degree aggravated assault is a violent felony).

The district court's judgment is affirmed.