NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0204n.06

No. 12-5357

**FILED**
**Feb 26, 2013**
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| JOSEPH DONNELL BROWN, | ) | O P I N I O N |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: CLAY, GILMAN, AND McKEAGUE, Circuit Judges.

**McKeague, Circuit Judge.** Defendant-appellant, Joseph Donnell Brown, pleaded guilty to being a felon in possession of a firearm and a felon in possession of ammunition. The district court found that Brown is an armed career criminal and sentenced him to the statutory mandatory-minimum, fifteen year sentence. Brown appeals the district court's determination that he is an armed career criminal. For the reasons set forth below, we affirm.

**I.**

Joseph Donnell Brown pleaded guilty to a two-count indictment, which charged him with being a felon in possession of a firearm and a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924. The government argued at sentencing that Brown had three convictions that qualify as predicate offenses for purposes of punishment enhancement under the Armed Career Criminal Act ("ACCA"): (1) felony of evading arrest – risk of death or injury; (2) burglary – other than habitation; and (3) possession of less than 0.5 grams of cocaine for resale (multiple offender).

The district court reviewed the judgment form from the evading-arrest conviction, which indicated that Brown pleaded guilty to violating Tennessee Code section 39-16-603, a class D felony. Tennessee Code section 39-16-603 reads:

> (b)(1) It is unlawful for any person, while operating a motor vehicle on any street, road, alley or highway in this state, to intentionally flee or attempt to elude any law enforcement officer, after having received any signal from the officer to bring the vehicle to a stop.
> . . .
> (3) A violation of subsection (b) is a Class E felony unless the flight or attempt to elude creates a risk of death or injury to innocent bystanders or other third parties, in which case a violation of subsection (b) is a Class D felony.

The district court found that Brown's evading-arrest conviction qualified as an ACCA predicate offense because he pleaded guilty to the elements under (b)(3).

Looking at the judgment form from the burglary conviction, the court concluded that Brown was convicted of Class D felony burglary under Tennessee Code section 39-14-402, which reads:

> (a) A person commits burglary who, without the effective consent of the property owner:
> (1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;
> (2) Remains concealed, with the intent to commit a felony, theft or assault, in a building; [or]
> (3) Enters a building and commits or attempts to commit a felony, theft or assault . . . .
> . . .
> (c) Burglary under subdivision (a)(1), (2) or (3) is a Class D felony.

The court concluded that subsections (a)(1)–(3) constituted generic burglary and, as a result, found that Brown's burglary conviction qualified as an ACCA predicate offense.

Finally, the district court considered the judgment form from Brown's conviction for possession of cocaine with intent to resell. According to the judgment form, Brown pleaded guilty

to possession of less than 0.5 grams of cocaine for resale, a class C felony under Tennessee Code section 39-17-417. Because the state sentencing court classified Brown as a multiple offender, the district court determined that Brown had been subject to a sentence of not less than six years nor more than ten years of imprisonment. Because Brown was subject to a maximum term of imprisonment of ten years, the district court found that Brown's cocaine conviction qualified as an ACCA predicate offense.

Based upon the above three convictions, the district court concluded that Brown qualified as an armed career criminal for purposes of punishment enhancement. The district court then imposed the statutory mandatory-minimum, fifteen year sentence.

The defendant now appeals the district court's classifying him as an armed career criminal. He argues that none of his prior convictions qualify as predicate offenses; that the ACCA does not apply to him due to the plain wording of the statute, the Supreme Court's precedent from *Begay v. United States*, 553 U.S. 137 (2008), and the specific facts of this case; and that the ACCA is unconstitutional both facially and as-applied. For the reasons set forth below, we affirm the decision of the district court.

**II.**

The ACCA, codified at 18 U.S.C. § 924(e), imposes a mandatory minimum sentence against any person convicted of violating 18 U.S.C. § 922(g) who has three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." As relevant here, the statute defines "serious drug offense" as "an offense under State law, involving manufacture, distributing, or possessing with intent to manufacture or distribute, a controlled

substance . . ., for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The Supreme Court has held that only "generic burglaries"—defined as "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime"—qualify under the ACCA's enumerated burglary offense. *Taylor v. United States*, 495 U.S. 575, 599 (1990). Better known as the residual clause, the final clause of § 924(e)(2)(B)(ii), beginning with "otherwise involves conduct," covers those "crimes that are roughly similar, in kind as well as in degree of risk posed, to the [enumerated offenses]." *Begay*, 553 U.S. at 143–45. Crimes are similar in kind if they require "purposeful, violent, and aggressive" conduct. *Id.* at 145.

We employ one of two approaches when determining whether a prior conviction qualifies as a predicate offense under the ACCA. Under the categorical approach, we look to the statutory elements of the offense to see if the crime qualifies as a predicate offense. *Taylor*, 495 U.S. at 602. When the statute of conviction is not categorically an ACCA predicate offense, we may employ the modified-categorical approach to determine if the defendant pleaded guilty to a narrowed charge that would qualify as a violent felony. Under this approach, we may examine the indictment and jury instructions, *id.*, a plea agreement, statements made by the defendant at a plea colloquy, and "comparable judicial records," *Shepard v. United States*, 544 U.S. 13, 26 (2005). A judgment form

qualifies as a comparable judicial record. *United States v. Beasley*, 442 F.3d 386, 393–94 (6th Cir. 2006) (dicta); *see also United States v. Armstead*, 467 F.3d 943, 948 (6th Cir. 2006) (applying *Shepard* to U.S.S.G. § 4B1.2). "The court may use these additional materials only to determine *which* crime within a statute the defendant committed, not *how* he committed the crime." *United States v. Soto–Sanchez*, 623 F.3d 317, 320 (6th Cir. 2010) (internal quotation marks omitted). With this background in mind, we turn to Brown's specific arguments.

**A.**

Brown initially contends that none of his prior convictions should have counted as predicate offenses. Because he objected to the application of the ACCA in the court below, we employ *de novo* review. *United States v. Doyle*, 678 F.3d 429, 431 (6th Cir. 2012).

*1. Evading Arrest*

Turning to Brown's evading-arrest conviction, after the district court sentenced Brown, we held in *Doyle* that the lesser-included version of Tennessee Code section 39-16-603(b) qualifies as a violent felony for purposes of punishment enhancement under the ACCA. 678 F.3d at 432–33; *accord United States v. Rogers*, 481 F. App'x 250 (6th Cir. 2012). If the lesser-serious Class E felony qualifies as a violent felony, then the Class D felony version—which includes as an element that the "flight or attempt to elude creates a risk of death or injury to innocent bystanders or other third parties"—necessarily does as well. Brown's evading-arrest conviction therefore qualifies as a violent felony for purposes of punishment enhancement under the ACCA.

*2. Burglary*

Brown's burglary conviction likewise qualifies as a violent felony. It is undisputed that Brown's burglary conviction was punishable by a term of imprisonment greater than one year. Looking to the judgment form and employing a modified-categorical approach, Brown entered a best-interest plea to burglary under Tennessee Code section 39-14-402(a)(3) for entering a building and committing or attempting to commit a theft.

Citing to cases interpreting the residual clause, Brown contends that his burglary conviction does not qualify as a violent felony. He also contends that his conviction for non-residential burglary cannot qualify as a "violent felony" under the ACCA because it would not qualify as a "crime of violence" under the Sentencing Guidelines. The government contends that the Tennessee burglary statute qualifies as a generic burglary statute.[1]

---

[1]The government contends that *United States v. Nance*, 481 F.3d 882, 887–88 (6th Cir. 2007), effectively held that Tennessee Code sections 39-14-402(a)(1)–(3) qualify as a generic burglary statute. *See* 481 F.3d at 887-88. Aggravated burglary under Tennessee law incorporates section 39-14-402's elements, the only difference being that aggravated burglary requires that the burglar enter into a habitation as opposed to any building. *Compare* Tenn. Code Ann. § 39-14-402(a)(1)–(3), *with id.* § 39-14-403. The *Nance* court held that Tennessee's aggravated-burglary statute qualifies as generic burglary. 481 F.3d at 887-88. The government argues that because the only difference between sections 402 and 403 is section 403's heightened requirement that the burglary occur in a habitation and because the Supreme Court's definition of generic burglary includes "a building," the *Nance* decision requires us to hold that section 402(a)(1)–(3) qualifies as a generic burglary statute.

It is unclear to us, however, whether the *Nance* court held that aggravated burglaries committed under any subsection of section 39-14-402 qualify as generic burglary or whether the *Nance* court limited its holding to aggravated burglaries committed under section 39-14-402(a)(1). *See United States v. Herrera-Montes*, 490 F.3d 390, 392 (5th Cir. 2007). Though the *Nance* court categorically stated that "aggravated burglary represents a generic burglary" and failed to state to which subsection of section 402 the defendant entered his plea, the court held that Tennessee aggravated burglary qualifies as generic burglary after quoting language from section 402(a)(1). *Nance*, 481 F.3d 888. Because the parties did not develop the issue in their briefs and because we believe the residual clause provides an adequate basis to affirm, we refrain from analyzing the

Even assuming that the Tennessee statute does not qualify as a generic burglary statute, Brown's first argument fails because his burglary conviction qualifies as a violent felony under the residual clause. The Tennessee burglary statute at issue is similar to generic burglary in the degree of risk posed in that there is "the possibility of a face-to-face confrontation between the burglar and a third party . . . who comes to investigate." *James v. United States*, 550 U.S. 192, 203 (2007). "[T]he conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." *Id.* at 208. We see no valid reason to distinguish the risk presented by the Tennessee burglary statute from that presented by generic burglary.

Further, the crime is similar in kind to an enumerated offense. Indeed, the Fourth Circuit has held that a nearly indistinguishable statute qualifies as a generic burglary statute. *United States v. Bonilla*, 687 F.3d 188, 193 (4th Cir. 2012). Where, as here, the defendant is charged under section 402(a)(3) for committing or attempting to commit theft, the crime necessarily entails purposeful conduct because theft requires purposefulness. Further, a burglary conviction under section 402(a)(3) for committing or attempting to commit theft is violent and aggressive because it is "aimed at other persons or property where persons might be located and thereby injured." *United States v. Vanhook*, 640 F.3d 706, 714 (6th Cir. 2011). Thus, Brown's burglary conviction qualifies under the residual clause as a violent felony for purposes of punishment enhancement.

Brown's second argument relates to the definition of generic burglary under the ACCA and the Sentencing Guidelines. However, because we have decided that Brown's burglary conviction

---

specific import of the *Nance* decision.

qualifies as a violent felony under the residual clause, it is beside the point whether our cases interpreting the Guidelines burglary definition would require us to hold that non-residential burglary cannot qualify as a violent felony for purposes of punishment enhancement under the ACCA.

*3. Cocaine Possession with Intent to Resell*

Brown's final argument regarding his predicate offenses— that there is insufficient proof that his conviction for possession of less than 0.5 grams of cocaine with intent to resell was subject to a maximum term of imprisonment of ten years or more—is of a kind with his other arguments. Tennessee sentencing courts must (1) determine the felony class of the crime of conviction (e.g., Class C), (2) determine what sentencing range applies (i.e., Range I, II, or III) under Tennessee Code sections 40-35-105–108, and (3) apply these findings to the sentencing provisions of Tennessee Code section 40-35-112. The judgment form for Brown's cocaine conviction indicates that Brown was a multiple offender, which made him a Range II offender. *See id.* § 40-35-106. For a Range II offender who committed a class C felony, such as Brown, the maximum term of imprisonment is ten years. *Id.* § 40-35-112. The district court, in the current case, was permitted to determine whether Brown was sentenced as a Range II offender. *See United States v. Rodriquez*, 553 U.S. 377, 389 (2008). Therefore, Brown pleaded guilty to a state drug offense subject to "a maximum term of imprisonment of ten years or more." In sum, Brown had three prior convictions that qualify as predicate offenses under the ACCA.

**B.**

Brown next argues that the intent and wording of the ACCA, the holding in *Begay*, and the facts of this case establish that the ACCA does not apply to him. Specifically, Brown argues that

he lacks the "'characteristic[s] of the armed career criminal, the eponym of the statute,'" Appellant

Br. at 45 (quoting *Begay*, 553 U.S. at 143–44), because he is not the purposeful, violent, or

aggressive offender discussed in *Begay* and his crimes were not purposeful, violent, or aggressive.

Despite Brown's arguments to the contrary, however, *Begay* and the language of the statute

do not require a different result. The district court properly concluded that Brown is an armed career

criminal for purposes of punishment enhancement and we know of no exception that would allow

a court—despite a defendant having been convicted of three qualifying predicate offenses—to forgo

application of the ACCA because a defendant allegedly lacks the characteristics of the armed career

criminal.

## C.

Moving to Brown's final set of unavailing arguments, he challenges the constitutionality of

the ACCA on three grounds. First, he argues that the ACCA is unconstitutional as applied to him

because his sentence violates the Eighth Amendment's proportionality principle. Second, he alleges

that the ACCA is facially unconstitutionally vague. Third, he contends that the statute is

unconstitutionally vague as applied to this case. We review Brown's constitutional challenges *de

novo*. *United States v. Beavers*, 206 F.3d 706, 708 (6th Cir. 2000).

*1. Proportionality*

Though the Eighth Amendment recognizes a narrow proportionality principle, *Harmelin v.

Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J. concurring), when previously presented with the

specific issue raised by Brown—whether a mandatory minimum sentence under the ACCA is grossly

disproportionate—we have held that the sentence does not violate the Eighth Amendment, as have

the other courts to consider the issue.    *United States v. Moore*, 643 F.3d 451, 456 (6th Cir. 2011);

*United States v. Warren*, 973 F.2d 1304, 1311 (6th Cir. 1992); *see, e.g.*, *United States v. Reynolds*,

215 F.3d 1210, 1214 (11th Cir. 2000); *United States v. Cardoza*, 129 F.3d 6, 18 (1st Cir. 1997);

*United States v. Presley*, 52 F.3d 64, 68 (4th Cir. 1995); *United States v. Hayes*, 919 F.2d 1262, 1266

(7th Cir. 1990); *United States v. Baker*, 850 F.2d 1365, 1372 (9th Cir. 1988).  Brown has failed to

cite to any decision that has found a mandatory-minimum sentence under the ACCA violates the

Eighth Amendment's proportionality principle, and the facts of this case do not convince us that we

should diverge from our prior decisions, especially in light of Brown's twenty-four prior

convictions.[2]

*2. Facial Vagueness Challenge*

Moving to Brown's facial vagueness challenge, he argues that the ACCA is

unconstitutionally vague because (1) the residual clause does not "'give a person of ordinary

intelligence fair notice that his contemplated conduct is forbidden by the statute,'" and (2) because

the residual clause "'encourages arbitrary and erratic arrests and convictions.'"  Appellant Br. at

34–35 (quoting *Colautti v. Franklin*, 439 U.S. 379, 390 (1979)).  More specifically, he argues that

the residual clause is unconstitutionally vague because different courts have come to different

---

[2]Brown also argues that *Graham v. Florida*, 130 S. Ct. 2011 (2010), and *Atkins v. Virginia*, 536 U.S. 304 (2002), should dictate a different result.  However, these cases are inapposite. *Atkins* and *Graham* involved a death sentence and a life sentence without the possibility of parole. *Moore*, 643 F.3d at 455–56, 457.  Death sentences and life sentences without the possibility of parole are unique in their severity and, therefore, require a higher degree of scrutiny. *Id.* The present case does not involve either of these especially severe sentences.  Thus, neither *Atkins* nor *Graham* provide us with a valid basis to employ a more demanding standard of review.

conclusions about which crimes qualify as predicates under the residual clause and because the interpretation of the ACCA has changed and evolved over time on an "ad hoc" basis.

The Supreme Court, however, has held that the statute is not unconstitutionally vague as recently as 2011, *Sykes*, 131 S. Ct. at 2277; *see also James v. United States*, 550 U.S. at 228 n.6, and this court has held the same, *United States v. Campbell*, 482 F. App'x 997 (2012) (per curiam); *United States v. Fowler*, 457 F. App'x 533 (6th Cir. 2012) (per curiam). Therefore, Brown's argument lacks merit.

*3. As-Applied Vagueness Challenge*

Brown's final argument—that a person of ordinary intelligence would not have known that Brown was subject to increased penalties under the ACCA—succumbs to the same fate as his other arguments. Brown's predicate offenses include two offenses specifically enumerated in the ACCA: a serious drug offense under state law and a burglary.[3] He was also convicted of evading arrest under a statute that included as an offense element that he "create[] a risk of death or injury to innocent bystanders or other third parties," language that clearly demands more than the residual clause's requirement of "present[ing] a serious *potential* risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). Brown's three convictions would be understood by a person of ordinary intelligence as ACCA predicate offenses, and as a result, Brown's as-applied challenge fails.

---

[3]Regardless of whether it qualifies as "generic burglary," a person of ordinary intelligence would think that a conviction for "burglary" under Tennessee law would qualify as "burglary" under the ACCA.

- 11 -

**III.**

For the foregoing reasons, we **AFFIRM** the decision of the district court.