**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0680n.06

No. 12-5665

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Sep 02, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| MICHAEL EDWARD MOORE, | ) | |
| | ) | **OPINION** |
| **Defendant-Appellant.** | ) | |
| | ) | |

Before: MOORE, WHITE, and DONALD, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** In 2012, a jury convicted Michael Edward Moore of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and of possessing a stolen firearm, in violation of 18 U.S.C. § 922(j). Absent any enhancement, his guidelines-recommended sentence for these crimes would have been 100 to 125 months of imprisonment. A dozen years earlier, however, Moore had also been convicted on four counts of burglary in violation of Tennessee Code Annotated § 39-14-402(a). The district court classified each of these burglary convictions as a "violent felony" under the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e), which resulted in a new guidelines-recommended sentence of 235 to 293 months of imprisonment. The district court sentenced Moore to 235 months of imprisonment. On appeal, Moore argues that his burglary convictions do not categorically qualify as violent felonies. We disagree and **AFFIRM** the sentence imposed by the district court.

## I. BACKGROUND

In 2000, Moore committed a string of burglaries. According to the various charging affidavits, Moore forcibly removed the padlocks on storage trailers outside of Wal-Mart, P & S School Supply, Dick's Sporting Goods, and The Home Place. *See, e.g.*, App'x at 20. Then, once inside, Moore and his accomplices stole merchandise, including electronics and home furniture. Within days, however, the police apprehended Moore, and a Hamilton County grand jury indicted Moore with "unlawfully and knowingly enter[ing] the business[es] . . . without the owner's effective consent, with intent to commit Theft, in violation of Tennessee Code Annotated [§] 39-14-402 . . . ." App'x at 17, 33, 46, 60. Moore pleaded guilty to the four burglary counts in exchange for the prosecutor dropping other charges, and the state-court judge sentenced Moore to nearly one year in a workhouse and ten years of probation.

Unfortunately, Moore did not stop his criminal activity after serving his sentence. In 2010, Moore became involved in a child-custody dispute with his wife. He enlisted the help of the police in recovering physical custody of his child, but they first ran a computerized record check. During the check, the police discovered that Moore had an outstanding warrant. The police arrested him, but he fled on foot to a friend's automobile. When the police subdued him, they discovered a magazine containing ten bullets under the seat that Moore had been occupying. The police also found two other firearms, one of which had been stolen, during a search of Moore's property.

A federal grand jury indicted Moore on four gun charges. Moore went to trial, and the jury convicted him on two of the charges: being a felon in possession of a firearm and possessing a stolen firearm. Moore does not appeal these convictions.

While compiling the Presentence Investigation Report ("PSR"), the probation office discovered Moore's lengthy criminal history. The PSR classified Moore as an armed career criminal under the ACCA on the basis of a 2001 state-court conviction for aggravated burglary pursuant to Tennessee Code Annotated § 39-14-403 and the four convictions relating to burglaries committed in 2000. PSR at 17–18. Moore objected to the use of the four burglary convictions as predicate offenses, which trigger the ACCA's harsher penalties. Specifically, he claimed that a conviction pursuant to § 39-14-402 does not categorically qualify as a violent felony under the ACCA's enumerated-offense clause or residual clause. The district court overruled Moore's objections and sentenced him to 235 months of imprisonment. Moore now appeals.

## II. ANALYSIS

### A. The ACCA

Moore challenges the district court's determination that his four burglary convictions qualify as violent felonies under the ACCA, presenting a question of law. Accordingly, we review de novo. *United States v. McMurray*, 653 F.3d 367, 371 (6th Cir. 2011).

Under the ACCA, "the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year, . . . that—(i) has as an element the use, attempted

3

use, or threatened use of physical force against the person of another; or (ii) is burglary . . . , or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . ." 18 U.S.C. § 924(e)(2)(B). We have interpreted this language as creating three separate hooks of liability: the "elements prong," the "enumerated-offense prong," and the "residual prong."[1] *United States v. Cooper*, 739 F.3d 873, 878 (6th Cir. 2014).

In determining whether a state statute fits on one of these hooks, we employ a familiar two-step test. "First, we apply the categorical approach outlined in *Taylor v. United States*, 495 U.S. 575 (1990), 'look[ing] only to the fact of conviction and the statutory definition—not the facts underlying the offense—to determine whether that definition supports a conclusion that the conviction was for a [violent felony.]'" *Cooper*, 739 F.3d at 878 (quoting *United States v. Bartee*, 529 F.3d 357, 359 (6th Cir. 2008)) (first alteration in original). "Second, '[i]f it is possible to violate the statute in a way that would constitute a [violent felony] and in a way that would not, [we] may consider the indictment, guilty plea, or similar documents to determine whether they necessarily establish the nature of the prior conviction.'" *Id.* (quoting *United States v. Gibbs*, 626 F.3d 344, 352 (6th Cir. 2010)) (first and third alterations in original).

## B. Section 39-14-402 Is a Divisible Statute

Under Tennessee Code Annotated § 39-14-402,

(a) A person commits burglary who, without the effective consent of the property owner:

---

[1]"Whether a conviction is a 'violent felony' under the ACCA is analyzed in the same way as whether a conviction is a 'crime of violence' under the United States Sentencing Guidelines ('U.S.S.G.') § 4B1.2(a)." *McMurray*, 653 F.3d at 371–72 n.1 (citing *United States v. Gibbs*, 626 F.3d 344, 352 n.6 (6th Cir. 2010)).

> (1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;
> (2) Remains concealed, with the intent to commit a felony, theft or assault, in a building;
> (3) Enters a building and commits or attempts to commit a felony, theft or assault; or
> (4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault.

This statute is "divisible," meaning that it "list[s] potential offense elements in the alternative, render[ing] opaque which element played a part in the defendant's conviction." *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013). Thus, for a conviction under § 39-14-402 to qualify as a violent felony under the categorical approach, each version of the crime must qualify as a violent felony. *Gibbs*, 626 F.3d at 352. The statute cannot satisfy this standard because a conviction under § 39-14-402(a)(4) is not necessarily a violent felony under the ACCA. *See United States v. Couch*, 65 F.3d 542, 544–45 (6th Cir. 1995); Appellee Br. at 9 n.2 (conceding that convictions under § 39-14-402(a)(4) "do not constitute violent felonies under the enumerated-offense clause").

## C. Moore Pleaded Guilty to Violating § 39-14-402(a)(3)

Because a conviction under § 39-14-402 does not categorically qualify as a violent felony, we must turn to the modified-categorical approach to determine, if we can, to which version of the crime Moore pleaded guilty. At this second step, we may consult "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some

comparable judicial record of this information" to determine the precise subsection to which Moore pleaded guilty. *Shepard v. United States*, 544 U.S. 13, 26 (2005).

Moore has submitted three sets of documents that might (1) qualify under *Shepard* and (2) be useful—the affidavits of complaint, the indictments, and the state-court judgments; however, only the state-court judgments meet both criteria. First, the affidavits of complaint are not appropriate *Shepard* documents. *See Shepard*, 544 U.S. at 16 (holding that courts cannot rely upon "complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for, generic burglary."); *United States v. Medina-Almaguer*, 559 F.3d 420, 423–24 (6th Cir. 2009) (noting problems with relying on affidavits of complaint); *United States v. Wells*, 473 F.3d 640, 647–48 n.5 (6th Cir. 2007) (limiting the use of affidavits of complaint to determinations of "whether prior offenses constitute a single criminal episode or multiple episodes").

Second, the indictments are not useful because they charge Moore with "unlawfully and knowingly enter[ing] [a] *business* . . . ." App'x at 17, 33, 46, 60 (emphasis added). Section 39-14-402, however, differentiates between buildings and other, more mobile enclosures, such as freight cars and automobiles. *Compare* § 39-14-402(a)(1)–(3) *with* § 39-14-402(a)(4). A "business" could fall within either category, and therefore, the indictments are of little use.

Third, the state-court judgments are valid *Shepard* documents. *See, e.g.*, *United States v. Cooper*, 739 F.3d 873, 880–81 (6th Cir. 2014) (relying upon a Tennessee judgment form); *United States v. McMurray*, 653 F.3d 367, 378 (6th Cir. 2011) (considering a Tennessee

judgment form to be a valid *Shepard* document). They are also useful because they indicate that

Moore pleaded guilty to a Class D version of burglary. App'x at 12, 24, 30, 51. Given this fact,

we can safely conclude that Moore must have been charged with violating subsection (a)(1),

(a)(2), or (a)(3). *See* § 39-14-402(c) ("Burglary under subdivision (a)(1), (2) or (3) is a Class D

felony."); § 39-14-402(d) ("Burglary under subdivision (a)(4) is a Class E felony."). Moreover,

Moore agrees with this conclusion.[2] *See* Appellant Br. at 7 ("Mr. Moore argued that the portion

of Tennessee's burglary statute Mr. Moore had been convicted under included subsection (a)(3)

. . . ."); *id.* at 9 ("[Moore's state-court] judgments reflect he was convicted of Class D felonies

. . . ."); *id.* at 12 ("Mr. Moore . . . was convicted under § 39-14-402(a)(1)–(3)."); *id.* at 14 ("Mr.

Moore's judgments reflect conviction for burglary as a Class D felony, which would be § 39-14-

402(a)(1)–(3).").

While Moore and the government agree that Moore pleaded guilty to a Class D felony,

they disagree over whether Moore was convicted under subsection (a)(1) or (a)(3). The

government argues that Tennessee convicted Moore of violating subsection (a)(1), given the

similarity between the indictment's language and that subsection. *See* Appellee Br. at 9. Moore

disagrees, implicitly asserting that he was convicted under subsection (a)(3). *See* Appellant Br.

at 13. Importantly, in his objections to the PSR, Moore conceded that "both sections 39-14-

_____

[2]While Moore concedes that he was convicted under Tennessee Code Annotated § 39-14-402(a)(1), (2), or (3), he argues that he should have been charged with violating § 39-14-402(a)(4). Appellant Br. at 12–13. This may be so, but if Moore believes that his conduct violated only subsection (a)(4), then he must challenge his convictions in state court. In determining whether his convictions qualify as violent felonies under the ACCA, we merely rely upon the state-court documents, and those documents clearly demonstrate that Moore pleaded guilty of violating § 39-14-402(a)(1), (2), or (3).

402(a)(1) and (a)(2) *are* generic burglaries under the *Taylor* definition," Objections to PSR at 2, waiving any argument that a conviction under one of those subsections does not qualify as a violent felony, *see United States v. Kincaide*, 145 F.3d 771, 784 (6th Cir. 1998). Ultimately, it makes little difference, but for simplicity's and Moore's sake, we assume that (a)(3) is the applicable subsection. The important takeaway from the *Shepard* documents is that Moore could not have pleaded guilty to violating subsection (a)(4) because a violation of that subsection is a Class E felony. *See* § 39-14-402(d). The state-court judgments foreclose that possibility.

**D. A Conviction Under § 39-14-402(a)(3) Qualifies As a Violent Felony**

Having concluded that § 39-14-402(a)(3) is the relevant subsection, we must determine whether a violation of it categorically qualifies as a violent felony under one of the ACCA's prongs. No one argues that subsection (a)(3) satisfies the elements prong. The government does contend, however, that burglary, as defined in subsection (a)(3), is a violent felony under the ACCA's enumerated-offense and residual clauses. Moore disagrees. Based on available case law, we must side with the government and conclude that a conviction under § 39-14-402(a)(3) qualifies as a violent felony under the residual clause of the ACCA.[3]

In determining whether an offense qualifies under the residual clause, the Supreme Court has directed the lower courts to "employ the 'categorical approach' . . . , 'look[ing] only to the fact of conviction and the statutory definition . . . and not generally consider[ing] the particular facts disclosed by the record of conviction.'" *James v. United States*, 550 U.S. 192, 202 (2007)

---

[3]Because we conclude that subsection (a)(3) satisfies the residual clause, we express no view on whether it would also satisfy the enumerated-offense clause.

(quoting *Shepard*, 544 U.S. at 17). If "'the risk posed by [the crime in question] is comparable to that posed by its closest analog among the enumerated offenses,'" then the offense is a violent felony under the residual clause. *Sykes v. United States*, 131 S. Ct. 2267, 2273 (2011) (quoting *James*, 550 U.S. at 203) (alteration in original). Here, unsurprisingly, the closest analogous offense to burglary is burglary. The Supreme Court has already recognized that a generic burglary presents "the possibility of a face-to-face confrontation between the burglar and a third party—whether an occupant, a police officer, or a bystander—who comes to investigate." *James*, 550 U.S. at 203. Burglary, as defined in subsection (a)(3), also presents this risk of confrontation and violence and, thus, qualifies as a violent felony under the residual clause.

Moreover, in *United States v. Brown*, 516 F. App'x 461 (6th Cir 2013), a panel of this court reached the same conclusion regarding subsection (a)(3). *See id.* at 465. As we stated in that unpublished case, the conduct prohibited by subsection (a)(3) "is violent and aggressive because it is 'aimed at other persons or property where persons might be located and thereby injured.'" *Id.* (quoting *United States v. Vanhook*, 640 F.3d 706, 714 (6th Cir. 2011)). Moore offers no valid distinction between his case and *Brown*, nor does he offer any incisive criticism of *Brown*. Thus, seeing no reason to deviate from our prior holding, we conclude that Moore's conviction under subsection (a)(3) qualifies as a violent felony under the residual clause.

Moore argues to the contrary, but he is unconvincing. He claims that his conviction under subsection (a)(3) is not covered by the residual clause in this instance because the charging affidavits allege that he entered into storage trailers outside of various businesses and that the

9

risk of violence was considerably less than when someone breaks into the average building. *See* Appellant Br. at 13–14. This argument, however, runs directly counter to the clear directions of *Shepard* and *James*, which require the courts to take a categorical approach and ignore the specific facts of conviction. Consequently, we reject Moore's counterargument.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** Moore's sentence.