NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0631n.06

Case No. 17-6295

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Dec 19, 2018 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | |
| | ) | |
| ALBERT FRANKLIN, JR., | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| Defendant-Appellant, | ) | THE MIDDLE DISTRICT OF |
| | ) | TENNESSEE |

**BEFORE: CLAY, McKEAGUE, and BUSH, Circuit Judges.**

**McKEAGUE, Circuit Judge.** Albert Franklin, Jr. received a sentence enhancement because the district court determined that he had three prior convictions serving as predicate offenses under the Armed Career Criminal Act (ACCA). Franklin challenges the use of a 2008 Tennessee conviction as an ACCA predicate, arguing that he was only subject to a six-year maximum sentence for that conviction, less than the ten years ACCA requires. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

I.

Albert Franklin, Jr. has had several encounters with the criminal justice system throughout his life. Most recently, in 2013, he was tried and found guilty in federal court of (I) conspiring to possess with intent to distribute oxycodone; (II) being a felon in possession of a firearm; and

(III) carrying and brandishing a firearm during and in relation to a drug-trafficking crime. At Franklin's initial sentencing, the district judge found that Franklin qualified as an armed career criminal under ACCA because he had three prior convictions for violent felonies or serious drug offenses. Consequently, Franklin's sentence was automatically increased. Franklin appealed his conviction and sentence. This Court affirmed Franklin's conviction, but sent the case back for resentencing because two of the prior convictions that the district court used as ACCA predicates only qualified under ACCA's residual clause, which had subsequently been made defunct by the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See United States v. Franklin*, 622 F. App'x 501, 514 (6th Cir. 2015). On remand, Franklin's presentence report included two new predicate offenses to replace the ones that no longer qualified. The district court again sentenced Franklin as an armed career criminal, accepting the two new predicates listed in Franklin's presentence report. Franklin objected to the use of one of those predicate offenses—a 2008 Tennessee conviction.

Franklin's 2008 conviction was the result of a plea agreement. He was charged with one count of tampering with evidence and one count of possession with intent to deliver over .5 grams of cocaine. As a result of Franklin's plea, the evidence-tampering charge was dismissed and he was convicted of the lesser offense of possession with intent to deliver under .5 grams of cocaine. The plea agreement also stipulated that he would serve a suspended five-year, six-month sentence during which time he would be on probation. Although Franklin would serve his sentence on probation, the plea agreement also included a thirty-five percent release eligibility—*i.e.*, the percentage of time he would have to serve his sentence incarcerated before he would be parole-eligible.

II.

The sole question on appeal is whether Franklin's 2008 drug trafficking conviction qualifies as a "serious drug offense" under ACCA. ACCA mandates a minimum fifteen-year sentence for any person who has three previous convictions for violent felonies, serious drug offenses, or a combination of the two. 18 U.S.C. § 924(e). A serious drug offense, as relevant here, is a state law offense involving possession with intent to distribute a controlled substance "for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* § 924(e)(2)(A)(ii). Whether a prior conviction qualifies as a serious drug offense under ACCA is a question of law that we review *de novo*. *United States v. Davis*, 406 F. App'x 37, 38 (6th Cir. 2010) (citing *United States v. McCauley*, 548 F.3d 440, 447 (6th Cir. 2008)).

Tennessee law establishes a two-part scheme for determining an offender's sentencing range. Part one delineates the "authorized terms of imprisonment" according to the class of crime (from A to E), establishing minimum and maximum sentences for each class. *See* Tenn. Code Ann. § 40-35-111. Part two applies the individual's "offender classification"[1]—determined by prior convictions—to the class of crime, resulting in a sentencing range within the authorized terms of imprisonment for that class of crime. *See id.* §§ 40-35-106, 40-35-112. As relevant here, a Class C felony carries a three- to fifteen-year authorized term of imprisonment, but a Range I offender only faces a three- to six-year sentencing range and a Range II offender a six- to ten-year sentencing range. *Id.* §§ 40-35-111(b)(3), 40-35-112.

Offender classification also establishes when an individual will be parole-eligible. *Id.* § 40-35-501. This is termed "release eligibility." *Id.* § 40-35-501(a)(1). Each offender must serve a

---

[1] "Offender classification" is sometimes referred to as the offender's "Range" (from I to III), "range classification," and "range designation." A Range I offender is also known as a "standard offender." And a Range II offender is also known as a "multiple offender."

certain percentage of his sentence—determined by offender classification—before becoming parole eligible. For example, a multiple offender—*i.e.*, a Range II offender—must serve thirty-five percent of his sentence before he will be release eligible. *Id.* § 40-35-501(d).

Although offender classification is set according to statutory criteria, a plea agreement can ignore these criteria and stipulate, not only to offender classification, but also to "term of years, and release eligibility without regard to what [the] sentencing scheme might call for absent a plea bargain *so long as* (1) the term of years is within the overall range of years specified for the offense, and (2) the [release eligibility date] is not less than the minimum allowable for the offense." *Davis v. State*, 313 S.W.3d 751, 760 (Tenn. 2010) (citations omitted). This means that an individual could be classified, for example, as a standard offender (Range I) for sentencing range purposes and as a multiple offender (Range II) for release eligibility. This results in a "hybrid" offender classification. *Id.* at 757. Flexibility in plea agreements is permissible because offender classification and release eligibility (which is determined by reference to offender classification) have long been used as plea bargaining tools. The Tennessee Supreme Court has reasoned that the Tennessee legislature did not intend to restrict that use in the 1989 Sentencing Act from which the current sentencing scheme derives. *Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007). Additionally, the Tennessee Supreme Court has explained that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." *Id.*

Franklin argues that he was considered a Range I offender for sentencing range purposes and thus that the maximum term of imprisonment for which he was eligible was the six-year maximum for a Class C–Range I offender. We find Franklin's argument unavailing.

Franklin's 2008 sentencing documents show that he was sentenced as a Range II offender for sentencing range purposes. Neither Franklin's plea petition nor the sentencing transcript

mentions Range I or indicates that his plea agreement contemplated a hybrid offender classification. In his plea petition, Franklin wrote that he was pleading to possession of under .5 grams of cocaine, and a five-year, six-month suspended sentence "Range II 35% Release." In the plea colloquy, the Tennessee judge told Franklin that he would be sentenced "as a range two multiple offender at 35 percent." Furthermore, Franklin's judgment form affirmatively states that he received a Range II sentencing range. Tennessee law prescribes a "Uniform Judgment Document"—the official name for Franklin's judgment form—that includes, among other things, offender classification. *See* Tenn. Code Ann. § 40-35-209(e). Franklin's judgment form contains two columns indicating his offender classification, one titled "Offender Status," meaning sentencing range,[2] and the other "Release Eligibility." Both have the "Multiple" box checked off. The term "multiple offender" is synonymous with the term "Range II offender." *See* Tenn. Code Ann. § 40-35-106(c).

Franklin argues that his actual sentence, rather than what appears in his sentencing documents, tells us his sentencing range. He contends that because his five-and-a-half-year sentence was within Range I (which provides for a three- to six-year sentence) and not within Range II (which provides for a six- to ten-year sentence), Tennessee law would direct the sentencing judge to consider him a Range I offender. Franklin attempts to rely on the presumption

---

[2] In his reply brief, Franklin states that the offender status box might not indicate sentencing range and could instead "serv[e] some other purpose, such as supporting the court's determination regarding the Range for the percentage of service." Tennessee caselaw, however, equates the offender status box with sentencing range. *See McChristian v. State*, 159 S.W.3d 608, 614 (Tenn. Crim. App. 2004) (explaining that issues with previous judgment forms not accounting for hybrid offender classifications were solved with the new form because it provided separate boxes for sentencing range and release eligibility); *cf. United States v. Brown*, 516 F. App'x 461, 466 (6th Cir. 2013); *State v. Turner*, No. E2016-00790-CCA-R3-CD, 2017 WL 1379999, at *9 (Tenn. Crim. App. Apr. 13, 2017) overruled on other grounds by *State v. Minor*, 546 S.W.3d 59 (Tenn. 2018). Accordingly, Franklin's argument is meritless.

of regularity—*i.e.*, that judicial action is "presumed to have been rightly done, till the contrary appears[.]" *Parke v. Raley*, 506 U.S. 20, 30 (1992) (quoting *Voorhees v. Jackson*, 35 U.S. (10 Pet.) 449, 472 (1836)). He argues that the presumption of regularity should lead us to conclude that Franklin *actually received* a Range I sentencing range, even if the sentencing documents suggest otherwise.

Even assuming that the presumption of regularity would apply despite the record evidence, Franklin's argument still fails. Although a plea agreement might result in a sentence or offender classification that is erroneous or irregular as to what the sentencing statute would call for without a plea agreement, it is "rightly done" for a court to accept a plea agreement with those otherwise improper terms. *Id.* The Tennessee Supreme Court has noted that a plea-bargained sentence may mix and match both offender classification and term of years. *Davis*, 313 S.W.3d at 760. The Tennessee Supreme Court sometimes describes this mixing and matching as erroneous or irregular. *See id.* ("Examples of sentences which might contain 'errors' . . . include . . . a plea-bargained sentence including a term of years that was incompatible with the range designation . . . ."). Franklin points to these descriptions to support his argument; however, he misconstrues what the Tennessee Supreme Court means. "Error" and "irregularity" describe sentences and offender classifications that do not conform with what the sentencing scheme would permit *absent* a plea agreement. Tennessee cases do not use those terms to denote something improper for a court to do. Although the Tennessee Supreme Court has only spoken in the habeas context, the Court of Criminal Appeals of Tennessee has applied the same reasoning in direct review, observing that "as long as [a] sentencing agreement was entered into voluntarily and knowingly, it will be valid, even if the sentence was outside the applicable offender range." *State v. Waters*, No. M2002-01297-

CCA-RM-CD, 2003 WL 141087, at *3 (Tenn. Crim. App. Jan. 16, 2003), *perm. app. denied*, May 12, 2003.[3]

Even Franklin implicitly recognizes this distinction between what is irregular or erroneous as to the statute and what is improper for a court to do. Franklin states that the correct thing for the sentencing judge to have done would be to have treated Franklin as Range II for release eligibility, and Range I for sentencing range; in other words, to have sentenced Franklin with a hybrid offender classification. As with a sentence that includes a term of years incompatible with the offender classification, however, the Tennessee Supreme Court has stated that a hybrid offender classification is "irregular" but permissible. *See Davis*, 313 S.W.3d at 760. Franklin does not explain why that result is correct while the result the Tennessee court reached in his case is incorrect. Nor can we find any meaningful difference between the two. They are both equally permissible when done as part of a plea agreement.

III

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

---

[3] Franklin's passing nod to the rule of lenity does not require a different outcome. ACCA is clear that a prior drug conviction must carry a maximum sentence of ten years or more to qualify as a predicate offense, and Tennessee law, while complicated, is not "grievously ambiguous." *See United States v. Castleman*, 572 U.S. 157, 172–73 (2014) (quoting *Barber v. Thomas*, 560 U.S. 474, 488 (2010)).